UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| SKANDAPRIYA GANESAN, | No. C 12-1935 MEJ |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| GMAC MORTGAGE, LLC, et al., | **Re: Docket No. 12** |
| Defendants. | |

**INTRODUCTION**

This action concerns the foreclosure proceedings on real property that was owned by Plaintiff Skandapriya Ganesan ("Plaintiff"). Now before the Court is the Motion to Dismiss filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo Bank, N.A. as Trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-through Certificates, Series 2006-10's ("Wells Fargo") (collectively, "Defendants"). Dkt. No. 12. The Court finds this motion suitable for disposition without oral argument and VACATES the November 1, 2012 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS Defendants' motion for the reasons set forth below.

**BACKGROUND**

This Complaint is Plaintiff's third wrongful foreclosure lawsuit related to real property located at 3540 Mercato Court, Pleasanton, California (the "Subject Property"). On July 14, 2006, Plaintiff obtained a loan from NL, Inc. in the amount of $1,802,500 to purchase the Subject Property. Request for Judicial Notice ("RJN") Ex. A.[1] The loan was secured by a Deed of Trust on the Subject Property. *Id.* After Plaintiff defaulted on the loan, a Notice of Default and Election to Sell Property

---

[1] Defendants' request for judicial notice includes documents that are public records and which are the proper subject of judicial notice. Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, Defendants' request for judicial notice is GRANTED.

was recorded on November 3, 2008 in the Alameda County Recorder's Office. *Id.* Ex. C.  A Substitution of Trustee, substituting ETS Services, LLC for Fidelity National Title Company was recorded on November 3, 2008. *Id.* Ex. D.  A Notice of Trustee's Sale was recorded on February 6, 2009. *Id.* Ex. E.

On February 27, 2009, Plaintiff petitioned for chapter 13 bankruptcy relief in the United States Bankruptcy Court, creating a stay on foreclosure proceedings. *Id.* Ex. F.  The petition was filed on behalf of joint-debtors Skandapriya Ganesan (Plaintiff) and her husband, Parag Gopal Ghandi. *Id.*  The case was dismissed two weeks later. *Id.* Ex. F, G.

Plaintiff next filed a lawsuit in Alameda County Superior Court (Case No. HG10503520) ("GANESAN I"). *Id.* Ex. H.  Plaintiff's allegations in GANESAN I referenced the same $1.8 million dollar loan that is the subject of this action. *Id.*

An updated Notice of Trustee's Sale was recorded on March 19, 2010. *Id.* Ex. I.  Plaintiff subsequently filed another petition for bankruptcy relief on June 25, 2010. *Id.* Ex. J.  This bankruptcy filing again created a stay on the foreclosure proceedings.  This petition was filed under the name of "Ganesan Skandapriya" (Plaintiff's first and last names were reversed). *Id.*  Plaintiff's bankruptcy petition was dismissed on September 14, 2010, for failure to respond to a motion to dismiss. *Id.* Ex. K.

On August 5, 2010, an Assignment of Deed of Trust was recorded. *Id.* Ex. L.  This Assignment, executed by MERS as nominee for NL, Inc., granted all beneficial interest under the July 14, 2006 Deed of Trust to Wells Fargo. *Id.*

Plaintiff filed a third petition for bankruptcy relief on November 15, 2010, which again prevented the foreclosure sale from proceeding. *Id.* Ex. M.  The petition was again filed under the name "Ganesan Skandapriya" and lists a different address (310 Sycamore Valley Rd. West, Danville, CA 94526). *Id.*  The third bankruptcy petition was also dismissed due to Plaintiff's failure to file required information. *Id.* Ex. N.

One month following the dismissal of her third bankruptcy petition and three days prior to the scheduled foreclosure sale, Plaintiff filed a duplicative lawsuit in Alameda County Superior

1  Court (Case No. RG10551572) ("GANESAN II"). *Id.* Ex. O. Like the GANESAN I complaint, the
2  GANESAN II complaint sought declaratory and injunctive relief and monetary damages based on
3  alleged irregularities in foreclosure proceedings. On December 16, 2010, Plaintiff obtained a
4  Temporary Restraining Order ("TRO") enjoining the GANESAN II defendants from proceeding with
5  a Trustee's Sale of the Subject Property. *Id.* Ex. P.

6  On January 5, 2011, the defendants removed GANESAN II to the United States District
7  Court,
8  Northern District of California and filed a Motion to Dismiss the Complaint. *Id.* Ex. P, Q. In
9  response, Plaintiff first filed a First Amended Complaint. *Id.* Ex. Q. Plaintiff also subsequently filed
10 a Motion to Remand GANESAN II to Alameda County Superior Court. *Id.* Plaintiff filed a Request
11 for Dismissal Without Prejudice in GANESAN I on January 7, 2011. *Id.* Ex. R.

12 On April 20, 2011, GANESAN II was remanded to Alameda County Superior Court. *Id.* Ex.
13 Q. Thereafter, the defendants filed a Demurrer to the GANESAN II First Amended Complaint. *Id.*
14 Ex. P. On August 15, 2011, the Alameda County Superior Court sustained the defendants' Demurrer
15 to the GANESAN II First Amended Complaint with leave to amend. *Id.* Ex. P, S.

16 Plaintiff filed a Second Amended Complaint in GANESAN II on September 9, 2011. *Id.* Ex.
17 P. Defendants demurred to the GANESAN II Second Amended Complaint. *Id.* Ex. P.

18 Nonjudicial foreclosure proceedings were re-initiated and an updated Notice of Trustee's Sale
19 was recorded on March 21, 2012. *Id.* Ex. T.

20 On April 18, 2012, Plaintiff filed the present lawsuit, bringing the following claims: (1)
21 wrongful foreclosure; (2) slander; and (3) violation of California Civil Code Section 2923.5. Compl.,
22 Dkt. No. 1.

23 The trustee's sale of the Subject Property took place on April 20, 2012 and a Trustee's
24 Deed Upon Sale was Recorded on April 25, 2012. *Id.* Ex. U.

25 On June 18, 2012, two days before the scheduled hearing on the GANESAN II Demurrer to
26 the Second Amended Complaint, Plaintiff filed a request for voluntary dismissal without prejudice of
27 GANESAN II. *Id.* Ex. V.
28

3

Defendants filed the present Motion to Dismiss on August 31, 2012. Dkt. No. 12. Defendants argue that Plaintiffs' Complaint fails to state any viable claim and must be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff filed an Opposition on October 1, 2012 (Dkt. No. 22) and Defendants filed a Reply on October 11, 2012 (Dkt. No. 26).

## LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice

to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## ANALYSIS

### A. Wrongful Foreclosure

Defendants argue as a threshold matter that Plaintiff's wrongful foreclosure claim should be dismissed on the basis that Plaintiff does not allege that she has complied with the tender rule. Defs.' Mot. at 5. "The California Court of Appeal has held that the tender rule applies in an action to set aside a trustee's sale for irregularities in the sale notice or procedure and has stated that '[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.'" *Cohn v. Bank of Am.*, 2011 WL 98840, at *9 (E.D.Cal. Jan.12, 2011) (quoting *FPCI RE–HAB 01 v. E & G Invs., Ltd.*, 207 Cal.App.3d 1018, 1021 157 (1989)). As Defendants rightly point out, it is a general rule that "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984); *Hao Hao v. New Century Mortg. Corp.*, 2012 WL 2911977, at *2 (N.D. Cal. July 13, 2012). While tender is not required where a sale is void, rather than simply voidable, the judicially noticeable documents in this case demonstrate that the Notice of Default, the Notice of Trustee's Sale, and the Trustee's Deed were properly filed by parties with interest. Thus, for Plaintiff to rely upon a remedy for improper foreclosure, she would have to allege ability to tender the amount of debt. *Hao Hao*, 2012 WL 2911977, at *2; *Mikels v. Estep*, 2012 WL 1231832, at *5 (N.D.Cal. Apr.12, 2012).

Plaintiff makes no allegation that she has complied with or is able to comply with the tender rule. Instead, Plaintiff contends that the foreclosure process is wrongful because Defendants lack possession of the original note. Pl.'s Opp'n at 3. However, under California Civil Code section 2924, the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents" and a person authorized to record the notice of default or the notice of sale

includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civil Code. § 2924(a)(1), (4); *see also Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994) ("Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."). The foreclosing party does not need to possess or produce the original promissory note in order to conduct a trustee sale. Cal. Civil Code § 2924(a)(1). As the foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee or agent of the trustee, possession of the original note is not required. *Moeller*, 25 Cal.App.4th at 830; *see also Pagtalunan v. Reunion Mortg. Inc.*, 2009 WL 961995, at *5 (N.D.Cal. Apr. 8, 2009) (holding that "possession of the note is not required to initiate or proceed with nonjudicial foreclosure").

The Deed of Trust upon which Plaintiff defaulted states that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." RJN, Ex. A at 2. The Notice of Default was recorded on November 3, 2008, by ETS "as agent for beneficiary[,]" identified therein as MERS. *Id.* Ex. C. Thus, there is no question that the party that initiated the non-judicial foreclosure proceedings, MERS, was the beneficiary named in the Deed of Trust. Thus, even if there was a legal basis for an action to determine whether MERS has authority to initiate a foreclosure proceeding, the Deed of Trust establishes as a factual matter that this claim lacks merit. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1152, 1156-57 (2011) (finding no cause of action where deed of trust executed by the plaintiff granted MERS authority to initiate a foreclosure). Moreover, Plaintiff has not pled any viable factual basis for the claim that an unauthorized party conducted the Trustee's Sale. On the same day that the Notice of Default was recorded, a Substitution of Trustee was recorded. RJN, Ex. D. ETS was substituted as Trustee of the Deed of Trust. *Id.* ETS, as substituted Trustee, recorded all three of the Notices of Trustee's Sale, conducted the Trustee's Sale, and had the Trustee's Deed Upon Sale recorded. *Id.* Exs. D, E, I, T and U.

Further, to the extent Plaintiff bases her claim on the theory that Defendants allegedly failed to comply with the terms of a Pooling and Servicing Agreement ("PSA"), the Court notes that she

6

lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement. *In re Correia*, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (holding debtors, as neither parties to nor third party beneficiaries of a PSA, lack standing to challenge mortgage assignment based on non-compliance with agreement); *see also Junger v. Bank of Am.*, 2012 WL 603262, at *3 (C.D.Cal. Feb. 24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."); *Tilley v. Ampro Mortg.*, 2012 WL 33033, at *4 (E.D.Cal. Jan.6, 2012) (holding plaintiff lacked standing to assert securitization of her loan violated terms of PSA, to which she was not a party); *cf. Lucia v. Wells Fargo Bank, N.A.*, 798 F.Supp.2d 1059, 1070-71 (N.D.Cal. 2011) (finding borrowers, who were neither parties to nor intended third party beneficiaries of Servicer Participation Agreement between Wells Fargo and Fannie Mae, lack standing to assert a breach of contract claim.)

Finally, Plaintiff appears to argue that securitization undermines the lender's right to foreclose on a property. Pl.'s Opp'n at 2-4. However, this argument has already been rejected by this Court. *See, e.g., Sami v. Wells Fargo Bank, et al.*, 2012 WL 967051, at *4-6 (N.D.Cal. Mar. 21, 2012) (rejecting arguments that securitization invalidates standing to foreclose and finding borrower has no standing to challenge violations of the terms of a PSA as improper securitization); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009) (rejecting argument that defendants' power of sale is lost by assignment of original promissory note to a trust pool); *Benham v. Aurora Loan Servs.*, 2009 WL 2880232, at *3 (N.D.Cal. Sept.1, 2009) (rejecting same argument regarding trust pool). Clearly, proper securitization does not give rise to a cause of action in California, and the party initiating the non-judicial foreclosure proceedings need not be in possession of the promissory note.

Based on this analysis, the Court grants Defendants' Motion to Dismiss Plaintiff's wrongful foreclosure claim.

**B. Slander**

Plaintiff alleges a claim of slander of title based on the allegation that Defendants have no right to commence foreclosure. Compl. at 8. Slander of title occurs when there is an unprivileged

7

1 publication of a false statement which disparages title to property and causes pecuniary loss.
2 *Stalberg v. W. Title Ins. Co.*, 27 Cal.App.4th 925, 929 (1994). Elements of slander of title are: (1) a
3 publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes
4 direct and immediate pecuniary loss. *Stamas v. Cnty. of Madera*, 795 F.Supp.2d 1047, 1067
5 (E.D.Cal. 2011); *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App.4th 1040, 1051 (2009).

6      Although Defendants move to dismiss Plaintiff's slander claim, (Defs.' Mot. at 7), she raises
7 no argument against their motion in her Opposition. However, even assuming Plaintiff alleges that
8 Defendants slandered the title to the Subject Property by recording notices and performing
9 procedures related to the non-judicial foreclosure process, this claim still fails because "any notice or
10 communication that is issued in the course of performing duties related to the non-judicial foreclosure
11 sale is privileged and not actionable." *Richards v. Bank of Am., N.A.*, 2010 WL 3222151, *4
12 (N.D.Cal. Aug.13, 2010); *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 333-34 (2008); Cal. Civ.Code
13 § 2924(d). Accordingly, because amendment would be futile, the Court GRANTS Defendants'
14 motion to dismiss this claim without leave to amend.

15 **C.     California Civil Code Section 2923.5**

16      Plaintiff's third cause of action alleges that GMAC violated California Civil Code section
17 2923.5 by failing to contact Plaintiffs at least 30 days prior to causing the Notice of Default. Compl.
18 at 9. However, on August 16, 2012, Plaintiff voluntarily dismissed GMAC. Dkt. No. 10. As
19 Plaintiff brought this cause of action against GMAC only, her section 2923.5 claim is dismissed.

20                       **CONCLUSION**

21      Based on the analysis above, the Court GRANTS Defendants' motion. Plaintiff's wrongful
22 foreclosure, slander, and California Civil Code section 2923.5 claims are all DISMISSED WITHOUT
23 LEAVE TO AMEND.

24     **IT IS SO ORDERED.**

25 Dated: October 15, 2012

                                                    Maria-Elena James
26                                                     Chief United States Magistrate Judge

27

28